

5 Penn Plaza, 24th Floor
New York, New York 10001
T (212) 413-2600 F (212) 413-2629

Jeffrey A. Mitchell
Direct Dial: (212) 413-2601
jmitchell@bgrfirm.com

January 10, 2017

**BY ECF**

Hon. J. Paul Oetken
United States District Judge
United States District Court S.D.N.Y.
500 Pearl Street
New York, New York 10007-1312

    Re:    *Vedder Price P.C. v. US Capital Partners, LLC, et al.*
            Case No. 16 Civ. 6787 (JPO)

Dear Judge Oetken:

      This firm represents defendants US Capital Partners, LLC, US Capital Partners, Inc., Jeffrey Sweeney and Charles Towle (collectively "defendants") in the above-referenced action. We are responding to Mr. Borg's letter dated January 9, 2017 which requests additional time for plaintiff Vedder Price P.C. ("plaintiff") to oppose defendants' pending Motion to Vacate the Clerk's Certificate of Default and Dismiss the Complaint, or, in the alternative, to Stay the Action (the "Motion"). Mr. Borg's request should be denied as moot. After the close of business yesterday, the parties received a fourteen-page written decision from the Bar Association of San Francisco which denied plaintiff's jurisdictional objection to the California Mandatory Fee Arbitration filed by defendants. A copy of that decision is attached hereto as Exhibit A.

      I am also compelled to respond to Mr. Borg's *ad hominem* attacks. This case seeks recovery of over $800,000 in allegedly unpaid legal fees, but for the most part, not from the "client" that signed a retainer agreement and incurred them, but rather, from individuals who live in California over whom the Court does not have personal jurisdiction, and from a separate corporation. Therefore, the Complaint resorts to 13 claims for relief, many of which are creative and extra-contractual. Plaintiff needlessly took an immediate default against all of the defendants before they had retained counsel, and Mr. Borg then refused to vacate the default after we appeared and asked that he do so. Notwithstanding those hard-ball tactics, when Mr. Borg asked for the courtesy of an extended briefing schedule on the Motion, in part because he had a long-planned vacation over the holidays, I agreed. But, when our firm asked for a mere four additional days to respond to Mr. Borg's now failed pre-Christmas objection to the California arbitration, which was filed in San Francisco on December 22, 2016 and by rule required a response by December 27th, Mr. Borg went AWOL after saying he would check with his client. So, my California colleagues had no choice but to proceed without the extension. It is hard to see how Mr. Borg can now complain.

**Browne George Ross LLP**

   Finally, a recorded default against our clients is significant. Mr. Borg's firm has already had 48 days to work on opposition papers. Since the Motion could have been avoided entirely had Mr. Borg simply agreed to vacate the default, when he asked for more time yesterday, I did not think an explanation of our position was necessary under the circumstances.

   Accordingly, we respectfully request that plaintiff's request for additional time to prepare its response to the Motion be denied as moot, and that the Court adhere to the parties' previously agreed-upon briefing schedule.

                Respectfully submitted,

                 s/Jeffrey A. Mitchell
                 Jeffrey A. Mitchell

JAM/eis
cc:  All Counsel of Record (by ECF)

730691.2