UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VEDDER PRICE P.C.,
         Plaintiff,

   -v-

US CAPITAL PARTNERS, LLC, *et al.*,
         Defendants.

16-CV-6787 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Vedder Price P.C. ("Vedder Price") brought this suit against US Capital Partners, LLC ("USCP LLC"); US Capital Partners, Inc. ("USCP Inc."); and executives Jeffrey Sweeney and Charles Towle to recover $811,742.51 in allegedly unpaid legal fees and expenses. Vedder Price has moved for partial summary judgment on its claim for account stated. For the reasons that follow, the motion is denied.

**I. Background**

Unless otherwise indicated, the following facts are undisputed.

Plaintiff Vedder Price is a law firm headquartered in Illinois. (Dkt. No. 1 ¶ 2; Dkt. No. 130 ¶ 2.) In December 2011, Vedder Price signed a letter of engagement with Defendant USCP LLC, a financial services company with its principal place of business in California. (Dkt. No. 1 ¶¶ 3, 9; Dkt. No. 130 ¶ 3.) Pursuant to the letter, Vedder Price agreed to represent USCP LLC "in connection with various litigation matters." (Dkt. No. 116-2 at 1.) USCP LLC, in turn, agreed to compensate Vedder Price for its services on an hourly basis and to pay monthly invoices within thirty days. (Dkt. No. 130 ¶ 4.)

In September 2014, USCP LLC started operating as USCP Inc. (Dkt. No. 130 ¶ 6.) Although the parties dispute the exact nature of the relationship between these two entities (*see*

1

Dkt. No. 130 ¶¶ 7-9), they do not dispute that Vedder Price continued to represent USCP LLC in ongoing matters and also began representing USCP Inc. (Dkt. No. 130 ¶ 6; Dkt. No. 130-5 ¶ 19.) Vedder Price formalized its relationship with USCP Inc. in March 2016, executing an engagement letter pursuant to which USCP Inc. agreed to pay "any amounts due and owing . . . on the 15th and 30th of each month." (Dkt. No. 130 ¶ 10; Dkt. No. 116-3 at 2.)

This action concerns a series of invoices Vedder Price rendered to USCP LLC and USCP Inc. between February 2012 and July 2016.[1] (Dkt. No. 130 ¶ 14.) During this period, Vedder Price billed USCP LLC and USCP Inc. $1,761,916.91 and $60,700.25, respectively. (*Id.*) Of the total sum of $1,822,617.16, Vedder Price received just $1,010,875.05 — $966,142.75 from USCP LLC and $44,732.30 from USCP Inc. (*Id.*)

In August 2016, Vedder Price brought this suit to recover the outstanding balance of $811,742.11. (*See* Dkt. No. 1.) The complaint lists fourteen claims, including breach of contract, quantum meruit, unjust enrichment, and account stated. (*Id.*) Vedder Price now seeks partial summary judgment on the fifth of these claims — account stated. (*See* Dkt. No. 116.)

## II.     Legal Standard

Under Rule 56, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

---

[1] Defendants object to the invoices as "hearsay" and claim that the declaration of Karen Shupe, to which the invoices are annexed, "fail[s] to contain assertions of fact necessary to establish the business record rule exception to the hearsay bar." (*See, e.g.*, Dkt. No. 130 at 8-9.) Contrary to Defendants' claims, however, the Shupe Declaration adequately establishes that the invoices in question were created and maintained in the "ordinary course of business." (Dkt. No. 117 ¶¶ 3-6.) It also establishes Shupe's "familiarity with Vedder Price's procedures, [her] review of the USCP File, and [her] personal involvement with the USCP File." (Dkt. No. 117 ¶ 7.) Such allegations are more than sufficient to overcome the hearsay bar. *See* Fed. R. Evid. 803(6)(A)-(C); *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985) ("[U]nder New York law personal knowledge is required only to establish regular office procedure, not the particular mailing.").

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine, meanwhile, if a rational jury — considering the record as a whole — could find in favor of the nonmoving party.  *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citation omitted).

On a motion for summary judgment, the party bearing the burden of proof at trial must provide evidence on each element of its claim or defense.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If that party "makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial."  *Clopay Plastic Prod. Co. v. Excelsior Packaging Grp., Inc.*, No. 12-CV-5262, 2014 WL 4652548, at *3 (S.D.N.Y. Sept. 18, 2014) (citing Fed. R. Civ. P. 56(c); *Liberty Lobby*, 477 U.S. at 250-51).  The court views all evidence "in the light most favorable to the non-moving party" and may grant summary judgment only if "no reasonable trier of fact" could find in that party's favor.  *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks omitted).

**III.    Discussion**

Under New York law, an "account stated" is a "promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due."  *White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006).  To prevail on a claim for account stated, a plaintiff must establish that: (1) an account was presented, (2) it was accepted as correct, and (3) the debtor promised to pay the amount stated.  *Yiwu Lizhisha Accessories Co. v. Jjamz, Inc.*, 336 F. Supp. 3d 179, 183 (S.D.N.Y. 2018) (internal quotation marks and citation omitted).

Even if a plaintiff satisfies all three prongs, however, a claim for account stated is conclusive only "[i]n the absence of fraud, mistake, or other equitable considerations making it improper to recognize the agreement."  *Chisholm-Ryder Co.. v. Sommer & Sommer*, 421 N.Y.S.2d 455, 455 (App. Div. 1979); *see also Yiwu Lizhisha*, 336 F. Supp. 3d at 185 ("It is true .

3

. . that fraud, misrepresentation or other equitable considerations can overcome the doctrine of account stated.") (internal quotation marks, brackets, and citation omitted); *LLT Int'l, Inc. v. MCI Telecommunications Corp.*, 69 F. Supp. 2d 510, 516–17 (S.D.N.Y. 1999) (holding that a consultant who had concealed improper billing practices could not recover for unpaid invoices on an account stated theory).

Vedder Price may be able to satisfy the three elements above.  The Court need not inquire further, however, as Vedder Price fails to respond adequately to Defendants' counterclaims, which plausibly constitute "fraud, misrepresentation or other equitable considerations" for the purposes of defeating an account stated claim.  *Chisholm-Ryder*, 421 N.Y.S.2d at 455.  The two counterclaims relevant here — fraudulent misrepresentation and breach of fiduciary duty — arise out of events in 2013, when Defendants allege that Vedder Price provided legal counsel to Breakwater Capital Investment Group, LLC ("Breakwater"), a co-owner of USCP LLC that was attempting to sever its relationship to the company.  (Dkt. No. 131 at 11.)  Defendants argue that Vedder Price's concurrent representation of Breakwater and USCP LLC violated its "duty of undivided and undiluted loyalty" to USCP LLC, and that "Vedder cannot now benefit from a relationship which it would never had enjoyed but for its failure to disclose the material facts of its dual and disloyal representation of a party with an adverse interest to its client."  (Dkt. No. 131 at 12.)

In the two cursory paragraphs it spends dismissing the salience of the counterclaims, Vedder Price maintains that Defendants fail to address "how such counterclaims are in any way a valid defense" to an account stated claim.  (Dkt. No. 139 at 5–6.)  But it is at least possible that Vedder Price's alleged representation of Breakwater could count as fraud, misrepresentation, or some other equitable consideration — especially given Defendants' claim that had they known

4

about "Vedder's dual representation," they would have "terminated Vedder's relationship with USCP LLC and never authorized USCP Inc. to engage Vedder at all."  (Dkt. No. 131 at 11–12.)  Vedder Price also discounts the counterclaims as "plainly . . . part of a litigation strategy to attempt to offset clear liabilities" (Dkt. No. 139 at 5–6), but it would be premature for the Court to assess that claim in the absence of any motion directed to the merits of the counterclaims.

Vedder Price's failure to address Defendants' counterclaims, coupled with the Court's duty to view all evidence in the light most favorable to the nonmoving party, thus leaves a genuine dispute of material fact, at least in the absence of adjudication of Defendants' counterclaims.  Accordingly, Vedder Price has not shown that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED without prejudice to renewal at a later date.

The Clerk of Court is directed to close the motion at Docket Number 116.

SO ORDERED.

Dated: September 14, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge